UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-02439-Goodman

FILED BY ___TS___ D.C.
Mar 10, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

JUAN DAVID PACHECO MARTINEZ,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

    Respectfully submitted,

    HAYDEN P. O'BYRNE
    UNITED STATES ATTORNEY

By:    /s/ *Will J. Rosenzweig*
    Will J. Rosenzweig
    Assistant United States Attorney
    U.S. Attorney's Office – SDFL
    Court ID No. A5502698
    99 NE 4th Street, 6th Floor
    Miami, Florida 33132
    Tel: (305) 961-9403
    Email: Will.Rosenzweig@usdoj.gov

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Juan David Pacheco Martinez,<br><br>*Defendant.* | )<br>)<br>) Case No. 25mj02439 Goodman<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 2024 - March 2025** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Carolina C. Martinez, Special Agent HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by **Face Time**

Date: 3/8/2025 12:32 PM

_____
*Judge's signature*

City and state: Miami, Florida

Honorable Jonathan Goodman, Chief United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carolina C. Martinez, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.      I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been employed as a Special Agent with HSI since March 2021. I am assigned to the HSI Office of the Special Agent in Charge in Miami, Florida and am a member of HSI Miami, El Dorado Task Force – Miami ("EDTF"). The EDTF is an HSI-led multi-agency financial task force responsible for investigating money laundering and other complex financial crimes affecting the South Florida area. As part of my training to become an HSI Special Agent, I attended and graduated from the Federal Law Enforcement Training Center.

2.      In my capacity as a United States law enforcement officer, I am empowered by law to conduct investigations and to make arrests for offenses detailed in Title 8, Title 18, Title 21, and Title 31 of the United States Code. I have been involved and assisted in the investigation of violations of various federal criminal laws including money laundering, the smuggling of monetary instruments into and out of the United States, and the smuggling and distribution of narcotics into and throughout the United States, including through physical surveillance, document review, witness interviews, record checks, and the seizure and analysis of electronic media and data. I have also participated in the execution of search warrants and law enforcement operations which involve the seizure of illegal narcotics and U.S. Currency found to be the proceeds of criminal activity.

3.      This Affidavit is submitted in support of a criminal complaint charging JUAN DAVID PACHECO MARTINEZ ("PACHECO MARTINEZ") with conspiracy to commit money laundering, in violation of 18 United States Code, Section 1956(h). As described below,

there is probable cause to believe that PACHECO MARTINEZ has laundered drug proceeds from approximately in or around May 2024 through in or around March 2025.

4. The information and statements contained in this Affidavit are based upon my personal knowledge and investigation, as well as documents and information provided to me by other law enforcement personnel and witnesses. Since this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.

## PROBABLE CAUSE

### *Law Enforcement's Background Investigation Into PACHECO MARTINEZ*

5. HSI and EDTF, alongside the Drug Enforcement Administration ("DEA") Miami, U.S. Marshals Service, Alcohol Tobacco and Firearms, U.S Customs and Border Protection, Federal Bureau of Investigation, the City of Miami Police Department, the Florida Department of Law Enforcement, and Enforcement and Removal Operations (ERO) initiated immigration enforcement operations in the Southern District of Florida for violations of immigration laws. These efforts are focused on persons illegally present in the country who have gang affiliations or have been arrested and/or convicted of sex crimes, organized retail crime, or other offenses as outlined under the Laken Riley Act.

6. Law enforcement developed information identifying PACHECO MARTINEZ as a member of a money laundering organization operating in Miami and other cities across the United States. PACHECO MARTINEZ would accept drug proceeds from various individuals and convert it into cryptocurrency in exchange for a commission payment. Law enforcement's investigation showed that from approximately January 2021 to the present, PACHECO MARTINEZ would

often meet with various individuals in the South Florida area, accept drug proceeds, and then convert those proceeds into cryptocurrency equal in value to the drug proceeds received minus his commission.

7. In March 2025, the United States Department of Homeland Security issued an arrest warrant for PACHECO MARTINEZ based on violations of immigration law after a review of federal database records showed that PACHECO MARTINEZ did not have legal status in the United States and was in the country illegally.

8. In January 2025, HSI and agents from the DEA in Miami identified 250 NE 25th Street, Miami, FL 33137 as PACHECO MARTINEZ's residence (the "TARGET ADDRESS"), with a designated parking location on the 6th floor, parking space number 2.

### *Law Enforcement's March 7, 2025 Immigration Enforcement Action*

9. On March 7, 2025, at approximately 6:30 a.m., law enforcement began surveilling the TARGET ADDRESS.

10. On March 7, 2025, at approximately 2:25 p.m., agents observed a black Tahoe enter the TARGET ADDRESS parking garage and park on the 6th floor parking garage, parking space number 2. Agents observed PACHECO MARTINEZ and an unidentified male later determined to be Angel Soto ("Soto") exit the vehicle with multiple backpacks and a medium-sized Travelers Club pink suitcase. PACHECO MARTINEZ was observed carrying a medium-sized brown Louis Vuitton backpack and Soto was observed carrying a small black Nike bag. The medium-sized pink suitcase was observed on the ground near the vehicle.

11. Shortly thereafter, law enforcement placed PACHECO MARTINEZ in custody for immigration violations and detained Soto for officer safety. Soto was questioned

for identification and immigration status. Soto claimed to be a United States Citizen, but a subsequent records check showed that Soto had overstayed his B2 immigration visa since 2009 and had an active New York state warrant for drug trafficking.

12.     Law enforcement found that PACHECO MARTINEZ and Soto had two cellphones each on their persons at the time of arrest.

13.     Agents asked PACHECO MARTINEZ for identification. PACHECO MARTINEZ stated that his identification document was inside his backpack. PACHECO MARTINEZ gave law enforcement verbal consent to search the backpack. Inside, law enforcement found PACHECO MARTINEZ's driver's license, approximately $9,000 dollars in quick count bundles, a knife, a new iPhone, and other items. Quick count bundles are multiple bound stacks of bills of approximately the same value that are commonly found in illicit transactions that allow for easier counting when evading detection is more important than perfect accuracy of the count.

14.     Agents asked PACHECO MARTINEZ and Soto who owned the pink suitcase. Soto advised law enforcement officers that the pink suitcase did not belong to him, and he subsequently signed a written waiver abandoning all claims to the pink suitcase via DHS Form 4607. Similarly, PACHECO MARTINEZ advised law enforcement officers that the pink suitcase did not belong to him, and he subsequently, abandoned all claims and waiving all right to it by signing a written DHS Form 4607.

15.     Law enforcement inspected the pink suitcase, which was very heavy. Inside, law enforcement found a significant amount of bulk cash wrapped in quick count bundles of several denominations, including 20, 50, and 100 dollar bills, with dryer sheets located within

the pink suitcase. Based on my training and experience, I know that dryer sheets are often used in drug trafficking to reduce the odor of narcotics. Notably, the pink suitcase did not contain any bills of sale, banking receipts, banking envelopes or any other indicia that the money was derived from a legal source.

16. Soto claimed ownership of the medium-sized black Nike bag and provided verbal consent to search its contents. Inside, law enforcement found a large bundle of 50-dollar bills wrapped in the form of a quick count bundle.

17. Agents asked PACHECO MARTINEZ for consent to search the TARGET ADDRESS. PACHECO MARTINEZ verbally consented to the search and signed a written consent form.

18. Law enforcement searched the TARGET ADDRESS. Inside, law enforcement found two money counters, a vacuum seal wrapper, multiple bags containing rubber bands and written ledgers. Based on my training and experience, I know that these objects are consistent with drug trafficking and money laundering activities. Law enforcement then deployed a City of Miami Police Department narcotics canine inside the TARGET ADDRESS. The canine alerted multiple times to the presence of narcotics at the TARGET ADDRESS. However, law enforcement did not find any narcotics at the TARGET ADDRESS.

*PACHECO MARTINEZ's Post-Miranda Interview*

19. At approximately 5:30p.m., I and other law enforcement officers interviewed PACHECO MARTINEZ at the TARGET ADDRESS. I read PACHECO MARTINEZ his *Miranda* warnings in Spanish, after which PACHECO MARTINEZ stated he understood his

rights and agreed to give a statement. PACHECO MARTINEZ then signed a written *Miranda* waiver form.

20.     During the interview, PACHECO MARTINEZ admitted to having received drug proceeds from various individuals and converting those proceeds into cryptocurrency in exchange for a 0.5-1% commission. PACHECO MARTINEZ stated he had laundered between $8-10 million since approximately May 2024 through the use of cryptocurrency. PACHECO MARTINEZ admitted that he did not have a money services business license and did not declare any of his cryptocurrency transactions to the Internal Revenue Service.

21.     PACHECO MARTINEZ told law enforcement that Soto—who he knows only as "Colita"—is involved in the distribution of narcotics. PACHECO MARTINEZ explained that Soto would deliver drug proceeds to him about three times a month and PACHECO MARTINEZ would convert it into cryptocurrency. PACHECO MARTINEZ described knowing that the bulk cash was drug proceeds due to: (1) the large amount of money received; (2) the way the money was packaged; (3) the lack of any bills of sale, banking receipts, banking envelopes or any other indicia that the money was derived from a legal source; and (4) due to an odor of cocaine emanating from one of the bulk cash deliveries he received from Soto.

22.     PACHECO MARTINEZ further stated that on March 7, 2025, he received a call from Soto between 1:30 and 2p.m. and that Soto picked him up near a Miami restaurant in a black Chevrolet Tahoe. PACHECO MARTINEZ stated that Soto had asked him for cryptocurrency, but PACHECO MARTINEZ advised Soto that he could not find any cryptocurrency at the moment. PACHECO MARTINEZ stated that Soto and he then

headed back to the TARGET ADDRESS because PACHECO-MARTINEZ had to pay his rent. PACHECO-MARTINEZ stated that he was unaware of the bulk cash contained in the pink suitcase and that the suitcase belonged to Soto.

23. During the interview, agents asked PACHECO MARTINEZ for verbal and written consent to search the two phones located on his person at the time of arrest. PACHECO MARTINEZ admitted that both phones belonged to him and consented to the search of both phones. Upon inspection of the exterior of one of the phones, three one-dollar bills or tokens[1] were located between the phone and a clear phone case. PACHECO MARTINEZ admitted to having used these bills as tokens to set up recent illicit transactions. Upon initial inspection of the phones, law enforcement identified numerous communications related to money laundering activities, which included photographs of cryptocurrency wallets QR codes, cryptocurrency wallet addresses, and photographs of high-end watches being sent among individuals. PACHECO MARTINEZ admitted to using the tokens to set up and authenticate transactions to convert illicit proceeds into cryptocurrency.

---

[1] A one-dollar bill or token is a unique combination of numbers and letters that appear twice on the front of a dollar bill often used by narcotraffickers and money launderers for a specific financial or drug transaction. Because each bill has a unique serial number, individuals involved in narcotics trafficking and money laundering use them to authenticate the illegal transaction between each other when meeting. This is done because individuals involved in the laundering of narcotics proceeds rarely know the party with whom they are transacting.

## CONCLUSION

24. Based on the facts set forth above, I respectfully submit that probable cause exists to charge PACHECO MARTINEZ with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
CAROLINA C. MARTINEZ
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this _8th_ day of March 2025.

_____
HONORABLE JONATHAN GOODMAN
CHIEF UNITED STATES MAGISTRATE JUDGE